**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re:   MARTTI RUONA,                                      No. 7-06-10901 ML

Debtor.

## ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY
## (FORD MOTOR CREDIT COMPANY)

THIS MATTER is before the Court on the Motion for Relief from Automatic Stay and Abandonment of Property ("Motion") filed by Creditor Ford Motor Credit Company ("FMC"), by and through its attorney of record, Allan L. Wainwright.  This bankruptcy proceeding is subject to the  Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  FMC  holds a security interest in a 2003 Nissan Frontier ("Collateral").  The Motion requests termination of the automatic stay to permit FMC to repossess and sell the Collateral.  The Debtor objected to the Motion, asserting that he has remained current on all pre- and post-petition payments due FMC, that he has until September 9, 2006 to determine whether to reaffirm the debt to FMC so that relief from the automatic stay should not be granted prior to that time, and that because FMC has accepted all payments it has waived its right to enforce any *ipso facto* clause in the contract between the Debtor and FMC which would otherwise be deemed enforceable pursuant to 11 U.S.C. § 521(d) upon a showing that the Debtor has failed to reaffirm or redeem the debt in accordance with 11 U.S.C. § 521(a)(6) and 11 U.S.C. § 362(h).  Debtor requests that any order granting relief from the automatic stay find that FMC has waived its right to enforce any *ipso facto* clause in the contract between the Debtor and FMC and provide that the *ipso facto* clause is void and unenforceable.

The Court held a final hearing on the Motion on October 10, 2006 and took the matter

1

under advisement. Because the Debtor continues to retain the Collateral and did not reaffirm or redeem the debt, the Court finds that FMC is entitled to relief from the automatic stay by operation of 11 U.S.C. § 362(h).

## DISCUSSION

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 31, 2006. On June 15, 2006 Debtor filed a Statement of Intention stating that Debtor intended to retain the Collateral and continue to make the regular payments due FMC. (*See* Docket # 7). The date first set for the meeting of creditors pursuant to 11 U.S.C. § 341 was July 25, 2006. FMC filed its Motion based on Debtor's failure to comply with 11 U.S.C. § 521(a)(6). That section provides, in relevant part:

> The debtor shall--
> (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under 341(a), either--
> (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
> (B) redeems such property from the security interest pursuant to section 722.
> If the debtor fails to act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law . . .

11 U.S.C. § 521(a)(6).

Similarly, 11 U.S.C. § 362(h)(1) provides, in relevant part:

> In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, . . . and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--

> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property . . .

11 U.S.C. § 362(h)(1).

Debtor timely filed a statement of intention; however, Debtor has retained the Collateral and has not elected to redeem the Collateral or reaffirm the debt. In examining these code sections, several courts note that 11 U.S.C. §521(a)(6) specifically refers to holders of "allowed claims", making such section inapplicable to a creditor who has not filed a proof of claim and consequently does not hold an allowed claim. *See In re Donald,* 343 B.R. 524, 536 (Bankr.E.D.N.C. 2006); *In re Hinson,* __ B.R. ___, 2006 WL 2720886 at *3 (Bankr.E.D.N.C. 2006)("Section 521(a)(6) only applies in Chapter 7 cases where 'a creditor has an allowed claim for the purchase price.'")(quoting 11 U.S.C. § 521(a)(6)); *In re Anderson,* 348 B.R. 652, 657 (Bankr.D.Del. 2006)(finding that the court cannot ignore Congress' choice of "allowed claim" in the statutory language). FMC filed a proof of claim on June 14, 2006. Therefore, 11 U.S.C. § 521(a)(6) applies. Debtor has retained the Collateral but has failed to redeem the Collateral or reaffirm the debt within forty-five days after the first meeting of creditors. Thus, by operation of 11 U.S.C. § 521(a)(6), "the stay under section 362(a) is terminated" and the Collateral is no longer property of the estate. 11 U.S.C. § 521(a)(6). *In re Rowe,* 342 B.R. 341, 350 (Bankr.D.Kan. 2006) (concluding that where § 521(a)(6) applies, the result is "termination of the stay because of the Debtors' failure to redeem the collateral or reaffirm the secured debt."). *But see Donald,* 343 B.R. at 536-538 (discussing § 521(a)(6)'s requirement that the creditor have "an

3

allowed claim for the purchase price" and concluding that "[c]reditors will rarely have an allowed claim for the full purchase price" either because of a downpayment or due to pre-petition installment payments, rendering § 521(a)(6) inapplicable).

In any event, the language of 11 U.S.C. § 362(h) is clear: the stay is terminated if the debtor retains the personal property and does not either redeem such personal property or enter into an agreement to reaffirm the debt for the personal property. *See In re Craker,* 337 B.R. 549, 551 (Bankr.M.D.N.C. 2006)(concluding that stay terminated pursuant to 11 U.S.C. § 362(h) despite debtor's timely filing of a statement of intention because debtor failed to indicate whether she was surrendering or retaining the vehicle, and if retaining the vehicle, whether she intended to redeem the vehicle or reaffirm the underlying debt); *Rowe,* 342 B.R. at 346 (Bankr.D.Kan. 2006) ("'Taken together, the BAPCPA revisions to the Code . . . provide unambiguous consequences if a chapter 7 debtor fails to enumerate in a statement of intention whether he or she plans to redeem, reaffirm or surrender: The automatic stay is terminated and the collateral at issue is no longer estate property.'")(quoting Philip R. Principe, Did BAPCPA Eliminate the "Fourth Option" [retain and pay] for Individual Debtors' Secured Personal Property?, 24 Am.Bankr.Inst. J. 6, 49 (2005)). Debtor has retained the Collateral but has not elected to redeem the Collateral or reaffirm the debt associated with the Collateral within forty-five days of the date of the first meeting of creditors. Retention of the Collateral by the Debtor without electing to redeem or reaffirm the debt entitles FMC to relief from the automatic stay. *Craker,* 337 B.R. at 551; *Anderson,* 348 B.R. at 658 (concluding that despite the debtors' timely filing of their statement of intention, under the plain language of § 362(h), the stay terminated when the debtors failed to timely perform their stated intention).

4

Debtor asserts that even if FMC is entitled to relief from the automatic stay by operation of 11 U.S.C. § 362(h), the Court should find that FMC has waived its right to enforce any *ipso facto* clause and conclude that any *ipso facto* clause is unenforceable. Under 11 U.S.C. § 521(d), a new code provision enacted as part of BAPCPA, when a debtor fails to redeem or reaffirm within the time limits specified under 11 U.S.C. § 521(a)(6), or as required by 11 U.S.C. § 362(h),

> nothing in this title shall prevent or limit the operation of a provision in the underlying . . . agreement that has the effect of placing the debtor in default under such . . . agreement by reason of the occurrence, pendency, or existence of a proceeding under this title or the insolvency of the debtor. Nothing in this subsection shall be deemed to justify limiting such a provision in any other circumstance.
>
> 11 U.S.C. § 521(d).

This section applies to *ipso facto* clauses, contract provisions which provide that the filing of a bankruptcy proceeding constitutes a default under the contract. *See In re Steinhaus,* __ B.R.__ , 2006 WL 2529631 *10 (Bankr.D.Idaho) ("An ipso facto clause renders a debtor in default upon the filing of a bankruptcy petition, regardless of whether the debtor continues to remain current in payments to the secured creditor and in compliance with other obligations under the loan documents."). "The significance of § 521(d)'s treatment of ipso facto clauses is simply that when a debtor fails to timely take the actions required by §§ 521(a)(6), or § 362(h)(1) or (2), the new statutory language eliminates limitations previously imposed by the Bankruptcy Code on the operation of ipso facto clauses." *Donald,* 343 B.R. at 539. Thus, it allows creditors to proceed under the terms of their agreement with the debtors, without any limitation imposed by the Bankruptcy Code. *Id.* However, a creditor seeking to enforce an *ipso facto* clause remains subject to applicable state law. *Id.* at 539 (noting that § 529(d) does not create a statutory

remedy; rather, "[c]reditors still must ensure that the contract, and their efforts to enforce the terms in it, do not run afoul of any applicable state laws.") (citing *Rowe,* 342 B.R. at 351); *Rowe,* 342 B.R. at 350 ("Upon termination of the stay . . . [under § 521(a)(6) or § 362(h)] the Creditor's rights are those under applicable nonbankruptcy law.").

Finding that the automatic stay is terminated by operation of 11 U.S.C. § 362(h) does not necessitate a further determination of whether FMC may be entitled to enforce an *ipso facto* clause under applicable state law. *Cf. Steinhaus,* WL 2529631 at * 11 (refusing to order surrender and authorization of foreclosure upon finding that the stay was terminated under § 521(a)(6)); *Rowe,* 341 B.R. at 350-352 (denying creditor's request for turnover of the vehicle, finding that "[s]ection 521(a)(6) does not require or empower the Court to order turnover of the collateral to the creditor" and that the consequences of failing to redeem or reaffirm "are termination of the stay and removal of the collateral from property of the estate, with the creditor's remedies upon expiration of the stay being those provided by state law.").[1]

Because the Debtor retained the Collateral but failed to redeem or reaffirm the debt, the stay terminated by operation of 11 U.S.C. § 362(h); however, FMC's remedies upon termination of the automatic stay remain subject to applicable state law. *Cf. Anderson,* 348 B.R. at 658-659 (finding that upon termination of the automatic stay under § 362(h) the creditor was free to exercise any rights with regard to the collateral available under applicable state law). The

---

[1]The *Rowe* court examined applicable Kansas law and found that when a debtor retains collateral and remains current on payments under the contract but fails to redeem or reaffirm, "the practical result in many cases will be no significant change from the pre-BAPCPA Code as construed by the Tenth Circuit, except the stay will be automatically lifted" since "[w]hen a consumer debtor is current on payments, a Kansas court may find a default under the Kansas UCCC only when the circumstances evidence significant impairment." *Rowe,* 342 B.R. at 351.

6

statutory language contained in 11 U.S.C. § 521(d) serves only to "eliminate[ ] limitations previously imposed by the Bankruptcy Code on the operation of ipso facto clauses." *Donald,* 343 B.R. at 539.

      WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED. The automatic stay imposed by 11 U.S.C. § 362 is terminated with respect to the Collateral, and the Collateral is no longer part of the bankruptcy estate. Debtor's request for a determination that any *ipso facto* clause is unenforceable is DENIED.

      _____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

R. Trey Arvizu
Attorney for Debtor
PO Box 1479
Las Cruces, NM 88004-1479

Allan L Wainwright
Attorney for Ford Motor Credit Company
920 Lomas Blvd NW
Albuquerque, NM 87102-3150

7