# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: MARTTI RUONA,                              No. 7-06-10901 ML

Debtor.

## ORDER GRANTING MOTION TO TRANSFER VENUE

THIS MATTER is before the Court on the Motion by Karen Ruona to Transfer Venue Pursuant to 28 U.S.C. § 1408(1) or 28 U.S.C. § 1412 ("Motion to Transfer Venue"). The Motion to Transfer Venue asserts that the Debtor has not been domiciled within the District of New Mexico for the 180 days prior to the date of the filing of the Debtor's bankruptcy petition such that venue in this Court is improper, and requests the Court to transfer the Debtor's bankruptcy proceeding to the United States District Court for the Eastern District of California in accordance with 28 U.S.C. § 1408. Alternatively, if the Court determines that venue in this Court is proper, the Motion to Transfer Venue requests the Court to transfer the Debtor's bankruptcy to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1412 in the interest of justice and for the convenience of the parties. The Court held a final hearing on the Motion to Transfer Venue on August 30, 2006. Following the final hearing, the Court directed the Debtor to file amended statements and schedules and took the matter under advisement. The Debtor filed an amended Statement of Financial Affairs and amended Schedules D and F on August 31, 2006.

## FACTS

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 31, 2006. Debtor's Statement of Financial Affairs, filed June 15, 2006 reports that the Debtor occupied a premises located at 5030 Robertson Ave., Carmichael, California from February 2005

1

through April 2006.  This premises is the home of Debtor's brother.   Debtor's Amended Statement of Financial Affairs also reports that the Debtor occupied the premises located at 5030 Robertson Avenue, Carmichael, California from February 2005 through April 2006, but also reflects that the Debtor occupied a motor home located in Radium Springs, New Mexico "on and off from December 2005 to June 30, 2006" and stayed in various hotels in Las Cruces and Deming, New Mexico "for one day to two weeks at a time from November 1, 2005 to present." At the final hearing, Debtor testified that he stayed in motels in New Mexico beginning in November 2005 and traveled back and forth between New Mexico and California, and that sometime in December of 2005 a friend loaned him a motor home which he parked most of the time in Radium Springs, New Mexico.  He returned the motor home in June 2006.   Although the motor home is titled in the name of the Debtor, the Debtor did not list it in his statements and schedules.  The Debtor testified that he believed he merely had authority to sell it on behalf of the owner in the event someone offered the right price.

Debtor's Schedule A lists certain real property located at 2420 N. Dona Ana Road, Las Cruces, New Mexico ("Las Cruces Property") as his primary residence, but recites that the Debtor deeded his interest in the Las Cruces Property to his brother as a gift in 2002.   There are three units located on the Las Cruces Property, including a mobile home.  Tenants of the Las Cruces Property testified that no one resided in the mobile home during the months prior to the date the Debtor filed his petition for bankruptcy, but that they observed the Debtor on the Las Cruces Property a number of times, and that the Debtor has initiated proceedings to evict them from the Las Cruces Property.  Debtor also claims a 1/2 interest in certain real property located in Marysville, California ("California Property").  *See* Schedule A.

Debtor initiated dissolution of marriage proceedings in California Superior Court in January of 2003. The marriage was dissolved in 2004, but property division matters remain at issue in the dissolution proceedings in California as of the date of the filing of Debtor's bankruptcy petition. Debtor's former spouse currently resides in the California Property. The address listed for the Debtor in an order dated April 17, 2006 filed in the dissolution proceedings was 5030 Robertson Avenue, Carmichael, California. (*See* Exhibit 2). Debtor has filed several small claims matters in California, each time listing a California address as his address of record. There also remains pending in Sacramento Superior Court a collection action against the Debtor filed by Esko Ruona, as Executor of the estate of Maire Marie Ruona.

Debtor holds a New Mexico drivers' license that is valid through October 8, 2008. (*See* Exhibit B). Debtor also holds a New Mexico voter registration card dated June 26, 2006. Debtor paid a business registration fee for Martti's Auto Stables to the Dona Ana County Clerk in January of 2005, and obtained a certificate of business registration for Martti's Auto Stables from Dona Ana County in July 2006. (*See* Exhibits C and D). These business registrations relate to the Las Cruces Property.

## DISCUSSION

Venue for bankruptcy matters is governed by 28 U.S.C. § 1408 which provides, in relevant part:

> Except as provided in section 1410[1] of this title, a case under title 11 may be commenced in the district court for the district--
> (1) in which the domicile, residence, principle place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one

---

[1]This section concerns cases under chapter 15 of title 11.

3

> hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

Thus proper venue can be established based on any one of the following grounds: 1) domicile; 2) residence; 3) principal place of business; or 4) principal assets. *See In re Gurley,* 215 B.R. 703, 707-708 (Bankr.W.D.Tenn. 1997) ("The four tests for venue . . . are given in the alternative. Any of the four is jurisdictionally sufficient.")(citations omitted). "By providing four alternative bases for proper venue, the statute allows many possible locations where an entity or individual may file for bankruptcy protection." *In re Broady,* 247 B.R. 470, 472 (8th Cir. BAP 2000) (citing *In re Campbell,* 242 B.R. 740, 745 (Bankr.M.D.Fla. 1999)). The district in which a debtor files a bankruptcy petition is presumed to be the proper venue, and the party seeking to change venue on grounds that venue is improper bears the burden of proof. *In re Pettit,* 183 B.R. 6, 8 (Bankr.D.Mass. 1995) ("The presumption is that the district where the debtor files a bankruptcy petition is the appropriate district. (citations omitted) It is the Movant's burden to overcome that presumption."); *Broady,* 247 B.R. at 472-473 ("Venue . . . is presumed to be proper, and the party challenging venue bears the burden of establishing by a preponderance of the evidence that [the] case was incorrectly venued.")(citing *In re Peachtree Lane Assocs.,* 150 F.3d 788, 792 (7th Cir. 1998) (remaining citation omitted)).

Pursuant to Rule 1014(a), Fed.R.Bankr.P., on timely motion of a party in interest and after notice and a hearing, the court may dismiss or transfer a case to any other district upon a determination that transfer is in the interest of justice or for the convenience of the parties. *See* Rule 1014(a)(1), Fed.R.Bankr.P. (applicable to petitions filed in the proper district) and Rule

1014(a)(2), Fed.R.Bankr.P. (applicable to petitions filed in an improper district). If venue is improper, the bankruptcy court may not retain jurisdiction, but must either dismiss the case or transfer the proceeding to an appropriate district. *In re Blagg,* 223 B.R. 795, 803 (10th Cir. BAP 1998), *appeal dismissed,* 198 F.3d 257 (10th Cir. 1999) ("[T]he bankruptcy court does not have discretion to retain jurisdiction over an improperly venued case where a timely objection has been filed.")(citing *United States Trustee v. Sorrells (In re Sorrells),* 218 B.R. 580 (10th Cir. 1998)).

Debtor asserts that he established his domicile in New Mexico during the 180 days prior to the filing of the bankruptcy proceeding and intends to make New Mexico his permanent residence. Neither "residence" nor "domicile" are defined in the Bankruptcy Code. *Gurley,* 215 B.R. at 708. Nor are such terms always interchangeable. *See In re Pettit,* 183 B.R. 6, 8 (Bankr.D.Mass. 1995) ("'Residence' in a bankruptcy statute is not the equivalent of 'domicile,' and a less permanent occupancy will suffice.") (citation omitted); *In re Hodgson,* 167 B.R. 945, 950 (D.Kan. 1994) ("A person has only one domicile at a particular time, even though he may have several residences.") (citing *Williamson v. Osenton,* 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914)).[2]

"Questions of domicile or residency are to be determined according to the law of the

---

[2]*See also, Gomez v. Snyder Ranch,* 101 N.M. 44, 46, 678 P.2d 219, 221 (Ct. App. 1983)(Walters, *dissenting*) ("'Residence is an ambiguous word whose meaning in a legal phrase *must be determined in each case.* Frequently it is used in a sense equivalent to domicile. *On occasion it means something more than domicil, namely, a domicil at which a person actually dwells.* On the other hand, it may mean something else than domicil, namely, *a place where the individual has an abode or where he has settled down to live for a period of time,* but not necessarily with such an intention of making a home there as to create a domicil.'")(quoting Comment k of § 11 of the Restatement, *Conflicts*)(emphasis in original).

5

forum." *Gurley,* 215 B.R. at 708 (citing *Smith v. Wellberg (In re Wellberg),* 12 B.R. 48, 50 (Bankr.E.D.Va. 1981)). However, because the standard for determining domicile is essentially the same under both state and federal law, federal law definitions of domicile are useful in applying the federal bankruptcy venue statute. *See Hodgson,* 167 B.R. at 949-950 (stating that federal common law should control, but noting that the standard to be applied to the issue of domicile under the Bankruptcy Code is essentially the same for under federal and state law). "Domicile is 'established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.'" *Hodgson,* 167 B.R. at 950 (quoting *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)). Although no single factor is sufficient to conclusively establish domicile, the following factors are relevant to the determination of domicile:

> (1) current residence; (2) voting registration and voting practices; (3) location of spouse and family; (4) location of personal or real property; (5) location of brokerage and bank accounts; (6) memberships in churches, clubs, unions and other organizations; (7) location of a person's physician, lawyer, accountant, dentist and stockbroker; (8) place of employment or business; (9) driver's license and automobile registration; and (10) payment of taxes.
>
> *Hodgson,* 167 B.R. at 950 (citing *District of Columbia v. Murphy,* 314 U.S. 441, 455-58, 62 S.Ct. 303, 309-311, 86 L.Ed. 329 (1941)).

"For venue purposes residence has been held to mean a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure." *In re Frame,* 120 B.R. 718, 723 (Bankr.S.D.N.Y. 1990)(citing *Konigsberg v. Long Island Daily Press Publishing Co.,* 57 Misc.2d 911, 293 N.Y.2d 861, 862 (1968)). In addition, while residence may mean "merely having an abode at a particular place which may be one of any number of such places at which one is, at least from time to time, physically present . . . . [t]he mere bodily

6

presence of a person in a place by no means makes that place his residence for the purposes of venue." *In re Handel,* 242 B.R. 789, 792 (Bankr.D.Mass. 1999)[3] (citations omitted).

Debtor has shown that he holds a New Mexico driver's license and a voter registration card issued by the State of New Mexico, and has paid business registration fees for an auto business once operated on the Las Cruces Property.[4] Debtor testified that he obtained the New Mexico drivers' license in 2004 because his California drivers' license was about to be suspended. Debtor initiated proceedings in California in December of 2005 against the California Motor Vehicle Department regarding the suspension of his California drivers' license, and that matter remained pending during the 180 day period prior to the filing of the Debtor's bankruptcy petition. With regard to the voter registration card, which was issued after the date Debtor filed his petition for bankruptcy, Debtor testified that he obtained it by showing his New Mexico drivers' license and making a declaration that he was a resident. Debtor testified that he maintained the business registration so that the Las Cruces Property would not loose its status as a commercial property. Thus a review of the circumstances giving rise to the existence of several factors relevant to establishing domicile indicate that Debtor did not establish domicile in New Mexico prior to the filing of his bankruptcy petition. Nor does the evidence support a

---

[3]*Handel* disagreed with *Frame*, noting that the venue statute does not require that the residence be the debtor's "principal" residence, and observing that in the instant case, the debtor had two permanent concurrent residences. *Handel,* 242 B.R. at 792-793 and n.7.

[4]There is no evidence that the auto business is presently being operated on the Las Cruces Property so that it would qualify as the Debtor's principal place of business for purposes of establishing proper venue. Nor did the Debtor make an argument at the final hearing that venue was based on the location of a principal place of business. To the contrary, Debtor testified that he was planning to operate a business on the Las Cruces Property in the future, and maintained the business registration so that the Las Cruces Property would not lose its commercial property status.

7

finding that the Debtor established a permanent residence in New Mexico. Further, a form filed by the Debtor in the Magistrate Court for the County of Dona Ana, State of New Mexico, filed June 12, 2006 reported that the Debtor currently received public assistance in Sacramento County, California. (*See* Exhibit 20). Thus, even post-petition, the Debtor made a representation which would indicate that California, not New Mexico, remained his domicile.

There is evidence before the Court that the Debtor spent at least some time in New Mexico prior to the filing of his bankruptcy petition. However, Debtor's statements that he intends to make New Mexico his domicile and permanent residence, though relevant, have little weight. *Hodgson,* 167 B.R. at 951 ("'the party's own statements concerning his intentions are relevant, but they are of slight weight when they come into conflict with other facts that tend to disclose a contrary intent.'") (quoting *Bevilaqua v. Bernstein,* 642 F.Supp. 1072, 1074 (S.D.N.Y. 1986)). The Debtor's actions prior to the filing of the bankruptcy as well as the Debtor's own statements and schedules indicate that California, not New Mexico was the Debtor's domicile and residence as of the date of the filing of the petition, despite any intention the Debtor may have to make New Mexico his residence in the future.

The Debtor transferred his interest in the Las Cruces Property to his brother several years prior to the filing of the bankruptcy petition. Though he has visited the Las Cruces Property during the months preceding the bankruptcy, has attempted to exercise control over the Las Cruces Property by initiating eviction proceedings, and claims an interest in the Las Cruces Property on his statements and schedules, title to the Las Cruces Property is not titled in the Debtor. Furthermore, the Debtor's statements and schedules indicate that he lived with his brother in California for the majority of the six months prior to the filing of the bankruptcy

8

petition. He has numerous ties to California, including a pending dissolution of marriage proceeding, a claimed interest in the California Property, a brother with whom the Debtor stays for extended periods of time, and several lawsuits. The time he spent in New Mexico living in a borrowed motor home is best characterized as temporary visits to New Mexico for the purpose of checking on the Las Cruces Property. Based on these facts, the Court finds that venue is improper. Accordingly, the request to transfer this bankruptcy proceeding to the United States District Court for the Eastern District of California will be granted.

Even if the Court were to accept that venue is proper, a request to transfer can nevertheless be granted upon a showing by the movant by a preponderance of the evidence that such transfer is "in the interest of justice or for the convenience of the parties." Fed.R.Bankr.P. 1014(a)(1); *Gurley*, 215 B.R. at 708 (preponderance of evidence standard of proof) (citations omitted). The following factors are relevant to discretionary transfer pursuant to 28 U.S.C. § 1412:

> (1) the proximity to the court of:
>     (a) creditors
>     (b) debtors
>     (c) assets
>     (d) witnesses.
> (2) the relative economic harm to debtors and creditors caused by a transfer.
> (3) the economics of administering the estate
> (4) the effect on the parties and their willingness or ability to participate in adversary proceedings.
> (5) the availability of compulsory process and the cost associated with the attendance of unwilling witnesses.
>
> *Gurley,* 215 B.R. at 709 (citations omitted).

The evidence relating to these factors indicate that transfer of venue to California serves the interest of justice. Karen Ruona, the Debtor's former spouse, lives in California. The marriage

9

dissolution proceeding remains pending in the California Superior Court. Esko Ruona, the Debtor's brother, lives in California, and is listed as one of the largest creditors of Debtor's bankruptcy estate. Debtor contends that transfer to California merely shifts the inconvenience of the venue from Karen Ruona to himself. But the evidence before the Court indicates that not only has the Debtor resided with his brother for the majority of the time preceding the filing of the bankruptcy petition in New Mexico, but that he has appeared in court in California in prosecution of his own lawsuits. (*See* Exhibit 9 and Exhibit 11). The Court is, therefore, not persuaded that the Debtor will be detrimentally inconvenienced by the transfer of the bankruptcy proceeding to California. And because both assets in which the Debtor claims an interest (The California Property), and creditors (Esko Ruona and Karen Ruona) are in California, transfer will also serve the interest of justice.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Transfer Venue is GRANTED. Venue is hereby transferred to the United States District Court for the Eastern District of California.

/s/ Mark B. McFeeley
_____
MARK B. McFEELEY
United States Bankruptcy Court

COPY TO:

R Trey Arvizu, III
Attorney for Debtor
PO Box 1479
Las Cruces, NM 88004-1479

Chris W. Pierce
Attorney for Karen Ruona
2531 Wyoming Blvd. NE
Albuquerque, NM 87112

10